UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARTIK PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24-cv-00489-KMB-JRS |
| | ) |
| CORY AHLERSMEYER, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER DENYING AS UNNECESSARY PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED STATEMENT OF CLAIMS</u>**

Plaintiff filed a Statement of Claims on May 19, 2025, [dkt. 46], as required by the applicable case management plan deadlines, [dkt. 43]. Three days later, Plaintiff filed a Motion for Leave to File Amended Statement of Claims. [Dkt. 48.] Defendants object to that request. [Dkt. 51.] Plaintiff has filed a reply, [dkt. 52], and the Motion is now ripe for the Court's review.

In his Motion, Plaintiff seeks to amend the previously submitted statement of claims because it "erroneously indicated that events occurred" at a different hotel owned by Plaintiff and the statement contained a run-on sentence. [Dkt. 48 at 1.] The text of Plaintiff's Motion states that Plaintiff's counsel indicated events occurred at the Budget 8 Hotel, but they apparently actually occurred at the Regal 8. [*Id.*] Defendants object and emphasize that Plaintiff's proposed Amended Statement of Claims actually states the opposite, specifically referencing the Budget 8. [*See* dkt. 48-1 (changing events from occurring at the Regal 8 to occurring at the Budget 8).] Defendants argue that Plaintiff's Motion should not be granted because it does "precisely the opposite" of what Plaintiff describes in his Motion. [Dkt. 51 at 2.] It is clear to the Court that Plaintiff's error in the text of the Motion (referencing the Regal 8), while unfortunate, is simply a scrivener's error. As

such, the Court will not wade further into this argument made by Defendants on this issue and, instead, will address the merits of Plaintiff's Motion and Defendants' opposition.

Defendants object to Plaintiff's Motion for Leave to File An Amended Statement of Claims. [Dkt. 51.]  In Defendants' view, Plaintiff's Complaint mentions the Regal 8, such that Plaintiff's original Statement of Claims is in harmony with that pleading and Plaintiff need not amend it. [Dkt. 51 at 2-3.]  According to Defendants, Plaintiff's Motion is really seeking to make a substantive amendment to his Complaint by implication, specifically by switching the underlying factual allegations to implicate that Plaintiff's license for the Budget 8 Hotel was at issue rather than the license for the Regal 8.  [*Id.* at 3.]  Defendants emphasize that Plaintiff's time to amend the pleadings in this case has passed.  [*Id.*]  Defendants also argue that Plaintiff's Statement of Claims fails to state the legal theories Plaintiff is pursuing.  [*Id.*]

In reply, Plaintiff argues that the Statement of Claims "clarifies" that the hotel license under threat in the Complaint was for the Budget 8 Hotel.  [Dkt. 52 at 1.]  Plaintiff also argues that Defendants' contention that the Amended Statement of Claims "changes factual information about the claim" is untrue because the Complaint never states which hotel license was at issue.  [*Id.* at 2.]  Furthermore, Plaintiff claims that which hotel license was under threat is irrelevant, and the Amended Statement of Claims states the legal grounds for a malicious prosecution claim.  [*Id.*]

The Case Management Plan adopted in this case required the following:  "consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based."  [Dkt. 14 at 5.]  That language is taken directly from this District's Uniform Case Management Plan.  *See* Southern District of Indiana, Uniform Case

2

Management Plan, *available at* https://www.insd.uscourts.gov/case-management-plans (last visited June 20, 2025). The required filing is meant to

> clarify[] and focus[] the issues for summary judgment and for trial, avoiding wasted time and resources on issues that will not be pursued, ensuring that the claims that are going forward can be addressed and disposed of in the most efficient manner possible, and aiding parties in developing their litigation strategies and preparing for trial.

*Jackson v. Regions Bank*, 2020 WL 4430588, at *5 (S.D. Ind. 2020).

After reviewing Plaintiff's pending Motion and Defendants' opposition, the Court finds Plaintiff's proposed amendment unnecessary because Plaintiff's original Statement of Claims satisfies the intent of the filing requirement and Plaintiff's proposed reasons to amend it are unnecessary. The Parties spill much ink over a potential factual dispute that is not consistent with the purposes of the statement of claims filing required by this District. Put more specifically, this District requires parties to file a statement of claims or defenses shortly after the close of fact discovery and ahead of the dispositive motions deadline so that it is clear to all ahead of the dispositive motions deadline what legal theories the plaintiff is pursuing and what affirmative defenses the defendant is asserting, such that the opposing party may move for summary judgment if appropriate. Plaintiff's original Statement of Claims sufficiently sets forth Plaintiff's legal theories for the malicious prosecution claim it is pursuing. [Dkt. 46.] The Parties' disagreement about an underlying factual allegation is not relevant to this filing at this time. Thus, the Court finds Plaintiff's request to amend the statement of claims to be unnecessary, such that Plaintiff's Motion to Amend is **DENIED AS UNNECESSARY**. [Dkt. 48.] To the extent the Parties' factual dispute becomes relevant, surely it will be addressed in the anticipated dispositive motion or in motions in limine ahead of a trial.

**SO ORDERED.**

Date: 6/23/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email